# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Marion Kenneth Madison, Jr., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:22-cv-3549-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Officer De'Juan T. Shell, Spartanburg ) | |
| Police Department, and Unknown ) | |
| Immediate Supervisor, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Marion Kenneth Madison, Jr., a non-prisoner litigant proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his prior arrest, incarceration, and criminal proceedings. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Defendant Spartanburg Police Department because it is not a "person" and cannot be sued pursuant to § 1983, and dismiss Defendant Unknown Immediate Supervisor because Plaintiff has not alleged any facts subjecting them to supervisory liability or establishing any direct, personal involvement in the actions giving rise to Plaintiff's claims. (ECF No. 16). The Report recommends the action remain pending, however, as to Defendant Officer De'Juan T. Shell. *Id*. at 9. The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 18), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 16 at 10), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 16), which is incorporated herein by reference.  Therefore, Defendants Spartanburg Police Department and Unknown Immediate Supervisor are **DISMISSED** from this action, and this matter is remanded back to the magistrate judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 22, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.